IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY ARNOLD, | ) | CASE NO. 1:06-CV-1625 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN O'MALLEY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

This case is before the Magistrate Judge pursuant to Local Rule 72.1. Pending before this Court is a Motion for Fees Pursuant to 20 C.F.R. §§ 416.1525 and 416.1528 brought by Attorney Marcia Margolius ("Motion") (Doc. 23). For the reasons set forth below, I recommend that the Motion be GRANTED.

I. INTRODUCTION & BACKGROUND

On November 25, 2003, Larry Arnold filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq*. His application was denied initially and upon reconsideration. The unfavorable decision of the Administrative Law Judge ("ALJ") became the final decision of the Commissioner when the Appeals Council denied further review. Thereafter, Arnold sought judicial review of the ALJ's decision.

On May 3, 2007, Magistrate Judge David S. Perelman issued a report and recommendation to Judge Kathleen O'Malley recommending that the decision of the ALJ be reversed and judgment entered in the plaintiff's favor, or alternatively, that the case be remanded to the ALJ for further review (Doc. 18). On July 16, 2007, the Court adopted Magistrate Perelman's recommendation and remanded this case for further proceedings, finding that the ALJ's decision was not supported by

substantial evidence (Docs. 21, 22).

On November 18, 2010, Ms. Margolius filed the instant Motion to petition the court to approve an attorney fee award in the amount of $5,775 pursuant to 20 C.F.R. §§ 416.1525 and 416.1528[1] (Doc. 23). Attached to the Motion are: (1) a chart reflecting that Ms. Margolius expended 16.50 hours in her representation of Plaintiff (Doc. 23, Appx. A); (2) a notice of award from the Social Security Administration setting forth the retroactive amount of benefits owed to Plaintiff (Doc. 23, Appx. B); (3) a fee agreement signed by Plaintiff and his counsel, indicating Plaintiff's consent to a contingent attorney fee award in the amount of 25 percent of his past due benefits should his claim proceed to the Appeals Council or Federal Court (Doc. 23, Appx. C); and (4) a copy of Ms. Margolius' resume (Doc. 23, Appx. D).[2] On December 2, 2010, the Commissioner filed notice that it had no objection to the Motion (Doc. 25).

## II. LAW & ANALYSIS

42 U.S.C. § 406(b) states in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past due benefits.

In order to obtain fees pursuant to this statute, an attorney "must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *see also*

---

[1] As discussed more thoroughly below, 42 U.S.C. § 406(b) provides courts with the authority to determine and allow for an award of attorney's fees.

[2] Although Ms. Margolius' Motion indicates that it contains proof of her hourly rate at Appendix E, there is no such proof attached to her Motion.

*Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989).

Under *Rodriquez*, a court should use the statutory percentage of 25% as a benchmark in determining whether the fees requested are reasonable. *See Rodriquez*, 865 F.2d at 746; *see also Hull v. Bowen*, 748 F. Supp. 514, 522 (N.D. Ohio 1990). The award of the full statutory amount, however, is not automatic and is not to be used as a *per se* rule. *See Hull*, 748 F. Supp. at 522. Next, the court should determine whether a contingency agreement exists between the attorney and her client. *See Rodriquez,* 865 F.2d at 746. Although a court is not bound by the terms of such an agreement, "if the agreement states that the attorney will be paid twenty-five percent of the benefits warded, it should be given the weight ordinarily accorded a rebuttable presumption." *Id.* at 746.

Deductions for large fees are permissible in only two situations: (1) when there is improper conduct or ineffectiveness of counsel; or (2) when counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or minimal effort expended. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990); *see also Rodriquez,* 865 F.2d at 746. If neither scenario is at play, an agreement for a 25 percent fee is presumed reasonable. *See Hayes*, 923 F. 2d at 421.

*Rodriquez* permits the district court to consider the hourly rate that an attorney's 25 percent fee represents, since "[c]alculating an hourly rate from the fee is one method of determining whether the attorney would 'enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.'" *Hayes*, 923 F.2d at 421-22 (*citing Rodriquez*, 865 F.2d at 746). The *Hayes* court further held that, as a matter of law:

> a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.

3

*Hayes*, 923 F.2d at 422. Thus, "a hypothetical rate that is less than twice the standard rate is *per se* reasonable." *Id.* In so holding, the *Hayes* court explained:

> We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they filed in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

923 F.2d at 422.

The Court finds no reason in this case to reduce the fee award that Ms. Margolius seeks. Her Motion petitions the Court for an award of $5,775, for 16.50 hours of work performed. This amounts to an hourly rate of $350 per hour – a rate that is reasonable in consideration of Ms. Margolius' experience and expertise in this area of the law, as evidenced by her resume (Doc. 23, Appx. D). The contingency fee agreement between Plaintiff and Ms. Margolius indicates that Ms. Margolius is entitled to 25 percent of all Plaintiff's past due benefits, which total $22,037 (Doc. 23, Appx. B). Accordingly, under the agreement, Ms. Margolius would receive $5,509.25. However, Ms. Margolius' Motion requests $5,775, which is $265.75 greater than the agreed upon contingency fee.

In consideration that Ms. Margolius has supplied the Court with detailed time sheets documenting the time she spent litigating this case on Plaintiff's behalf, the Court does not think it necessary to reduce the amount of the award sought. There have been no accusations that Ms. Margolius has engaged in improper conduct or behavior that would increase unwarrantedly the amount of her fees. Neither has Plaintiff or the Commissioner objected to Margolius' fee petition. Additionally, there is no indication in the papers Ms. Margolius has filed that she engaged in only minimal effort or that the amount she claims would represent a windfall. The Court recognizes that

4

"[i]n assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast." *Hayes*, 923 F.2d at 422; *see also In re Horenstein*, 810 F.2d 73, 75 (6th Cir. 1986).

### III.  CONCLUSION

Based on the above, the Court recommends that Ms. Margolius' Motion for an award of $5,775.00 be GRANTED, as her request falls within the parameters set forth in 42 U.S.C. § 406(b) and Sixth Circuit case law.

s/ Kenneth S. McHargh<br>
Kenneth S. McHargh<br>
United States Magistrate Judge

Date: January 11, 2011.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (14) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).